STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
ROBERT DANNEMILLER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 28, 1988—Decided December 19, 1988.

Before Judges PETRELLA and SHEBELL.

*Don X. Bancroft* argued the cause for the appellant (*Don X. Bancroft,* on the brief).

*Joseph Connor, Jr.,* Assistant Prosecutor, argued the cause for the respondent (*Lee S. Trumbull,* Morris County Prosecutor, attorney; *Joseph Connor, Jr.,* on the letter brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

Defendant Robert Dannemiller appeals the *de novo* determination of the Law Division which found him guilty of operating a motor vehicle while his blood-alcohol level exceeded 0.10%. *N.J.S.A.* 39:4-50(a). The sanctions and penalties imposed by the Harding Township Municipal Court in which defendant had originally been convicted and sentenced were affirmed. Defendant's sanctions have been stayed pending appeal.

■ Defendant asserts that the breathalyzer tests were not administered within a reasonable time as required by *State v. Tischio,* 107 *N.J.* 504 (1987), app. dism. —— *U.S.* ——, 108 *S.Ct.* 768, 98 *L.Ed.*2d 855 (1988) and that "the sitting in an automobile that is mechanically unable to operate, without more, [is not] 'operation' within the purview of Mulcahy [*State v. Mulcahy,* 107 *N.J.* 467 (1987)]."

At about 9:40 p.m. on March 6, 1987, the defendant was discovered by a New Jersey state trooper behind the wheel of an automobile which was parked in the right-hand lane of Route 287 in Harding Township. The defendant explained to the trooper that he had run out of gas. The trooper noticed that

defendant's eyes were bloodshot, and that he appeared sleepy and had an odor of alcohol. The defendant exited his car at the trooper's request but swayed and leaned on the car for support. Defendant's performances in balance and sobriety tests administered by the trooper were unacceptable to the officer. The trooper placed defendant under arrest, advised him of his rights, and took him to the State Police Barracks in Somerville for breathalyzer tests. Two breathalyzer tests were administered; the first at 10:30 p.m. produced a reading of 0.14%, and the second at 10:45 p.m. read 0.15%. Defendant admitted having three or four vodkas on the rocks which he claimed were consumed in Philadelphia between noon and 5 p.m. that day.

Defendant points to language in *Tischio* to support his contention that the alleged 5½ hour delay in administering the breathalyzer after defendant had his last drink at 5 p.m. fails to meet the reasonableness standard. Our Supreme Court, after noting that the Legislature deleted the 4-hour test period from the originally proposed 1983 amendment to *N.J.S.A.* 39:4–50 and asserting that the removal of the time limitation indicates that the Legislature was unwilling to impose any arbitrary limitation upon the time in which a chemical test must be administered, stated:

> In accord with our perception of the legislative intent, we conclude that the statute calls for the administration of a breathalyzer test within a reasonable time *after the defendant was actually operating his vehicle.* [107 *N.J.* at 519; emphasis supplied].

We note that the majority opinion in *Tischio* concludes, "we now hold that breathalyzer tests must be taken 'within a reasonable time' *after the arrest.*" 107 *N.J.* at 521 (Emphasis supplied). The time of arrest may differ from that of the actual operation, as is the case here. It is obvious that if as defendant asserts he had his last drink in Philadelphia at 5 p.m., considerable time would of necessity have thereafter elapsed for him to travel to the location in Morris County where he ran out of gas. Thus, the time from defendant's last operation

of the vehicle until his testing by the State Police had to be substantially less than defendant contends.

In any event, defendant has failed to demonstrate that there was any substantial delay by the State Police in administering the breathalyzer tests, and he has shown no prejudice or reason to doubt the accuracy of the breathalyzer results. Further, defendant has not shown any invasion of his rights by prolonged detention. This concern would appear to be the primary reason for requiring the administration of breathalyzer tests within a reasonable time after operation or arrest as no scientific basis for the requirement has been demonstrated. We believe that what the Court sought to prevent by the reasonable time requirement was the prolonged detention of a motorist by the police in the mistaken belief that the blood-alcohol level would then produce a result more favorable to the State. Each case must therefore be examined on an individual basis to determine whether the motorist's rights have been violated by undue delay. Here defendant makes no claim of prolonged detention or of any intervening imbibing of an alcoholic beverage, illness, or untoward event which might affect his condition. We find no violation of the reasonable time principle set forth in *Tischio.*

Defendant's contention that the State failed to satisfy the principle pertaining to "operation," as outlined in *Mulcahy,* 107 *N.J.* at 479–80, is without merit. It was reasonable for the trier of fact to conclude that defendant had actually operated the vehicle. Defendant himself stated that he had been in Philadelphia in the early evening and that his vehicle remained parked on the roadway because he had run out of gas. There were no other persons in the area; defendant was in the driver's seat, and there was no evidence that any other person was involved with the use of the automobile at the time in question. The determination of defendant's guilt could reasonably have been reached on sufficient credible evidence present in the record. *State v. Johnson,* 42 *N.J.* 146, 162 (1964).

Defendant's conviction and the penalties imposed are affirmed. The stay heretofore granted is revoked.