982 A.2d 1211 (2009)
410 N.J. Super. 482
STATE of New Jersey, Plaintiff-Appellant,
v.
Joel M. UGROVICS, Defendant-Respondent.
No. A-4906-08T4
Superior Court of New Jersey, Appellate Division.
Submitted October 20, 2009.
Decided December 2, 2009.
*1212 Robert A. Bianchi, Morris County Prosecutor, for appellant (Paula Jordao, Assistant Prosecutor, on the brief).
Brian R. Donnelly, Pompton Plains, for respondent.
Before Judges SKILLMAN, FUENTES and GILROY.
The opinion of the court was delivered by
FUENTES, J.A.D.
Defendant Joel M. Ugrovics was arrested and charged with driving while intoxicated (DWI), N.J.S.A. 39:4-50(a). This appeal concerns the admissibility of the results of an Alcotest administered to defendant in connection with this charge. By leave granted, the State appeals from the order of the Law Division suppressing the results of the Alcotest because the arresting officer, rather than the Alcotest operator, was the person who observed defendant during the twenty minutes prior to him taking the test. In reaching this *1213 conclusion, the trial court relied on what it characterized as the "procedures" mandated by the Supreme Court in State v. Chun, 194 N.J. 54, 943 A.2d 114, cert. denied, ___ U.S. ___, 129 S.Ct. 158, 172 L.Ed.2d 41 (2008).
We reverse. Consistent with the underlying principles articulated by the Court in Chun, we hold that the State is only required to establish that the test subject did not ingest, regurgitate or place anything in his or her mouth that may compromise the reliability of the test results for a period of at least twenty minutes prior to the administration of the Alcotest. The essence of this requirement is to ensure that the test subject has been continuously observed during this critical twenty-minute window of time. The identity of the observer is not germane to this central point. The State can meet this burden by calling any competent witness who can so attest.
We will limit our factual recitation to the events that relate directly to the discrete issue under review.

I
On July 19, 2008, Riverdale Police Department Officer Eric Hollenstein was conducting radar checks on Hamburg Turnpike when he observed defendant's vehicle traveling at forty-five m.p.h. in a twenty-five m.p.h. zone. When Hollenstein stopped the car to issue a summons for speeding, he detected an odor of alcohol emanating from inside the vehicle and noticed that Ugrovics, the only person in the car, had glassy eyes. In response to Hollenstein's questions, defendant admitted that he had consumed alcoholic beverages that evening.
Against these facts, Hollenstein concluded that he had a sufficient basis to ask defendant to perform a series of field sobriety exercises. Given the limited scope of our review, we will dispense with describing the details of the tests defendant performed. Suffice it to say that despite Hollenstein's clear verbal instructions, defendant failed to perform these tests as directed. Based on the totality of the circumstances, Hollenstein concluded that he had probable cause to charge defendant with DWI and arrested him accordingly.
Hollenstein transported defendant from the scene of the motor vehicle stop to the Riverdale Police Station for the purpose of processing the arrest and administering an Alcotest to defendant. Officer Robert DiGirolamo was the station's Alcotest operator on that date and was therefore the person who administered the test to defendant.
For purposes of this appeal the State stipulated that Hollenstein would have been the only witness it would have called who would have testified that he continuously observed defendant for at least twenty minutes before defendant took the Alcotest. On this sole issue, the State proffered, and the trial court accepted, that Hollenstein would have testified that during this twenty-minute window of time defendant did not burp, regurgitate or ingest any alcohol. The two separate breath samples taken from defendant yielded a blood alcohol concentration (BAC) of .13.
Defendant pled guilty before the Riverdale Municipal Court to DWI, reserving his right to challenge the results of the Alcotest based on the State's failure to show that the Alcotest operator was the person who observed defendant for a period of at least twenty minutes before the test was administered. In the course of accepting defendant's guilty plea, the Municipal Court Judge framed the issue thusly:
[MUNICIPAL] COURT: Okay. So I'll make it clear that in regard to this conditional plea, . . . [t]here is no issue that the defendant in this case was observed for 20 minutes[.] [B]ut he was *1214 not observed by the Alcotest operator, which (sic) is Officer DiGerolmo . . .[.]
[MUNICIPAL PROSECUTOR]: Yes, Your Honor.
[MUNICIPAL] COURT: He was observed by Officer Hollenstein, who did observe him for the 20-minute period 
[MUNICIPAL PROSECUTOR]: At headquarters.
[MUNICIPAL] COURT:  at headquarters, but he is not a certified Alcotest operator.
[MUNICIPAL PROSECUTOR]: Correct.
[MUNICIPAL] COURT: No other officer had made observations, so there's [no] other officer involved, except Officer Hollenstein and that there are no other issues dealing with any foreign substance entering Defendant's mouth or vomiting or any use of alcohol or any other regurgitation issue.
In addition, the only issue then on the appeal [to the Law Division] would be whether the 20-minute observation has to be conducted by the operator to meet the [Chun] standard. Does that sound correct?
[MUNICIPAL PROSECUTOR]: Yes, Your Honor.
[DEFENSE COUNSEL]: Yes.
In accepting defendant's conditional guilty plea, the Municipal Court Judge rejected defendant's argument that, under Chun, the only person competent to observe defendant during this critical twenty-minute window of time was the operator of the Alcotest.
On defendant's appeal to the Law Division pursuant to Rule 3:23-2, the court accepted defendant's argument and suppressed the Alcotest BAC reading. The Law Division Judge gave the following explanation in support of his ruling:
So the Court finds that  in this case, as the State conceded in their (sic)  it was stipulated  the State meaning the prosecutor below  that the Alcotest operator did not observe the defendant for the required 20-minute period. Instead, he was observed by Officer Hollenstein, who was not a certified Alcotest operator. That may or may not be of any moment.
As such, the Alcotest operator did not observe defendant for the required 20 minutes prior to administering the test. Therefore, based upon this Court's reading of Chun, the readings are deemed inadmissible because the procedure which was mandated by Chun was not followed.
The Court will vacate the guilty plea entered, which was conditional. Remand the matter to the Borough of Riverdale Municipal Court to be heard on the other testimony, including the testimony dealing with what I'll call the psycho-physical tests.

II
Against this backdrop, we will now address the central issue in the case. We start by reaffirming our standard of review.
Ordinarily, we review a judgment of the Law Division under a sufficiency of the evidence standard. That is, in conducting the review required under Rule 3:23-8(a), the Law Division's judgment must be supported by sufficient credible evidence in the record. State v. Segars, 172 N.J. 481, 488, 799 A.2d 541 (2002). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference" on appeal. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995). Here, because the Law Division's judgment rested entirely on its interpretation of the Court's opinion in Chun, our scope of review is de novo, *1215 without affording such judgment any special deference.
In Chun, the Court addressed the scientific reliability of the Alcotest 7110 MKIII-C evidentiary breath-testing device. Chun, supra, 194 N.J. at 65, 943 A.2d 114. After reviewing the findings of the Special Master, the Supreme Court held that "the Alcotest, utilizing New Jersey Firmware version 3.11, is generally scientifically reliable, but that certain modifications are required in order to permit its results to be admissible or to allow it to be utilized to prove a per se violation of the statute." Id.
In the course of considering the scientific reliability of the Alcotest, the Court explained the procedures employed in administering the test to suspected drunk drivers. Id. at 77-84, 943 A.2d 114. During that recitation, the Court gave the following description of how the test is administered:
The actual administration of the test is performed by one of the more than 5000 certified Alcotest operators in New Jersey. When a person has been arrested, based on probable cause that the person has been driving while intoxicated, he or she is transported to the police station to provide a sample for the Alcotest. The Alcotest, consisting of a keyboard, an external printer, and the testing device itself, is positioned on a table near where the test subject is seated.
Operators must wait twenty minutes before collecting a sample to avoid overestimated readings due to residual effects of mouth alcohol. The software is programmed to prohibit operation of the device before the passage of twenty minutes from the time entered as the time of the arrest. Moreover, the operator must observe the test subject for the required twenty-minute period of time to ensure that no alcohol has entered the person's mouth while he or she is awaiting the start of the testing sequence. In addition, if the arrestee swallows anything or regurgitates, or if the operator notices chewing gum or tobacco in the person's mouth, the operator is required to begin counting the twenty-minute period anew.
[Id. at 79, 943 A.2d 114.]
This description of the test is the central basis for defendant's claim, and the trial court's ruling, that the Alcotest operator is the only person authorized to observe a test subject during this twenty-minute period. The State, on the other hand, argues that the Court's only concern was to ensure that the test subject had not placed anything in his or her mouth that may compromise the reliability of the test. According to the State, this can be established through witnesses other than the operator of the Alcotest.
We acknowledge that defendant's position is, at first blush, supported by what appears to be the plain language used by the Court in Chun. However, a literal, unexamined application of such language here would create an unduly and, in our view, unintended restriction on the State's ability to prosecute DWI cases based on the results of an Alcotest.
With respect to this critical twenty-minute period, the key concern of the Court in Chun was to ensure that the test subject did not ingest, regurgitate or place anything in his or her mouth that could affect the reliability of the test. Id. at 140, 943 A.2d 114. In this context, the Court described the role of the operator as follows:
[T]he operator will play a relatively lesser role here than has been the case in the past. His role now consists of observing the subject to ensure that twenty minutes has passed and to be certain that the subject has neither swallowed nor regurgitated any substances during that time that would influence the test results; inputting and verifying the accuracy *1216 of the identifying information needed to start the sequence; changing the control solution if the machine alerts him to do so; attaching a new mouthpiece; reading the instructions about how to blow into the machine; observing the LED screen and following its prompts; and observing the subject to ensure that he or she actually provides a sample.
[Ibid.]
The Court even predicted that as the Alcotest "becomes more routine, some, or even most, defendants will eventually forgo cross-examination of the operator in light of the limited information that can be achieved in that effort." Id. at 141 n. 44, 943 A.2d 114.
Thus, there is a key difference between the responsibilities of the operator in administering the Alcotest and the State's burden of proof at trial. At trial, the State must establish, by clear and convincing evidence,[1] that, during the twenty-minute period immediately preceding the administration of the test, the test subject did not ingest, regurgitate or place anything in his or her mouth that may compromise the reliability of the test results. This can be accomplished through the testimony of any competent witness who can so attest. By contrast, the operator's principal role is to ensure that the procedures leading to the actual taking of the test have been strictly followed.
As noted earlier, one of the benefits associated with the Alcotest is its automation, which is intended to reduce the role of the operator and thereby minimize the potential for human error. To construe the twenty-minute observation requirement as bestowing upon the operator the exclusive responsibility to monitor the test subject elevates form over substance and places an importance on the operator that is inconsistent with what the Chun Court envisioned to be his or her diminished role.[2]Id. at 141 n. 44, 943 A.2d 114.

III
The order of the Law Division suppressing the BAC reading obtained from defendant through the administration of an Alcotest is reversed. Defendant's guilty plea, based on these reading, is reinstated and the matter is remanded for such further proceedings as may be warranted.
Reversed and remanded.
NOTES
[1] Although not directly addressed by the Court in Chun, we are satisfied that the State's burden of proof as to the admissibility of the Alcotest remains clear and convincing evidence. See Romano v. Kimmelman, 96 N.J. 66, 90-91, 474 A.2d 1 (1984). In Romano, the Court identified the following three conditions of admissibility: (1) the proper operating condition of the machine; (2) the requisite qualifications of the operator; and (3) the proper administration of the test. Id. at 91, 474 A.2d 1. Here, since our discussion is limited to the twenty-minute period of observation of the test subject, the State must establish that element of admissibility by clear and convincing evidence. We discern no basis in law to deviate from this well-established principle.
[2] The Law Division reached a similar conclusion in State v. Filson, 409 N.J. Super 246, 255, 976 A.2d 460 (Law Div.2009).