**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4864-15T2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

DANIEL F. GONZALEZ, ESQ.,

    Defendant-Respondent.

_____

Argued September 26, 2017 – Decided October 18, 2017

Before Judges Hoffman and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Municipal
Appeal No. 3-2016.

Brian D. Gillet, Deputy First Assistant
Prosecutor, argued the cause for appellant
(Andrew C. Carey, Middlesex County
Prosecutor, attorney; Mr. Gillet, of counsel
and on the brief).

Adam J. Elias argued the cause for
respondent (Forbes Law Offices, LLC,
attorney; George B. Forbes, of counsel and
on the brief).

PER CURIAM

The State appeals from the Law Division judge's July 1, 2016 order vacating and reversing the East Brunswick municipal court judge's contempt conviction and imposition of a $1000 fine against attorney Daniel F. Gonzalez pursuant to Rule 1:10-1 and N.J.S.A. 2A:10-1(b). The State argues that the Law Division judge: (1) applied the wrong standard of review and failed to give due deference to the credibility findings of the municipal court judge, and (2) erred in finding the behavior of Gonzalez fell short of the willful disobedience required for contempt. We disagree and affirm.

The contempt conviction stemmed from Gonzalez's representation of a bus driver in a driving while intoxicated (DWI) case pending in the East Brunswick municipal court. On October 22, 2015, Gonzalez served an expert report prepared by Herbert Leckie of DWI Consultants. Leckie's report was central to Gonzalez's defense of his client in the DWI case. One week after service of Leckie's expert report, the municipal court's staff communicated with Gonzalez's secretary to set a trial date. The municipal court scheduled the DWI trial for December 10, 2015. Two weeks after receiving the trial date, Gonzalez requested an adjournment of the DWI trial because Leckie was unavailable on the scheduled date. Gonzalez further claimed that his secretary had not offered December 10 as a tentative trial date.

The municipal court denied Gonzalez's request to adjourn the DWI trial but agreed to conference the case on December 3, 2015. Gonzalez did not appear before the municipal court judge on December 3.

On the December 10 trial date, Gonzalez arrived one hour late to the East Brunswick municipal court. Gonzalez explained that he had a court appearance in Sayreville that morning and was unable to find coverage for the Sayreville matter. Gonzalez again advised the municipal court judge that his defense expert was unavailable and asked the municipal court judge for a trial adjournment. The municipal court judge denied the renewed adjournment request.

The municipal court judge then asked Gonzalez if he was ready to try the case. Gonzalez responded that he was not ready to try the DWI case because he did not anticipate denial of his adjournment request. The municipal court judge gave Gonzalez the option to try the DWI case on December 10 or face a contempt finding. Gonzalez refused.

The municipal court judge then offered to have the State proceed with its case on December 10, adjourning the defense case so that Gonzalez would have an opportunity to order a transcript of the State's trial testimony, have Leckie review the transcript, and then return to municipal court to continue with the DWI trial when Leckie was available. Gonzalez declined to move forward with

the DWI trial on December 10. Gonzalez explained to the municipal court judge that his client's livelihood depended on maintaining his driver's license and that the defense expert had to be in court during the State's case to assist Gonzalez with cross-examination of the State's expert. Gonzalez argued that proceeding with the DWI trial under the circumstances suggested by the municipal court judge deprived the client of his Sixth Amendment right to effective counsel.

The municipal court judge again gave Gonzalez the option to try the DWI case that day or be held in contempt. Gonzalez responded that in light of the confrontation between himself and the court, the client no longer wanted to be represented by Gonzalez in the DWI matter. Thus, Gonzalez advised the municipal court judge that he would not try the DWI case on December 10.

The municipal court judge issued an oral decision holding Gonzalez in contempt in the face of the court and imposing an immediate $1000 fine. No order memorializing the municipal court judge's ruling was entered that day. Gonzalez left the court after the judge's ruling.

The next day, Gonzalez sent a letter to the court reiterating the reasons for his adjournment request and requesting a new trial date when his expert would be available. The municipal court's staff instructed Gonzalez to appear before the municipal court

judge by 4:30 p.m. on December 11. However, because Gonzalez was arguing a motion in another court, he could not be reached and did not appear as directed by the municipal court staff.

On December 17, 2015, the municipal court judge conducted a supplemental hearing on the contempt charge. The municipal court judge reiterated that the December 10 trial date was selected to accommodate Gonzalez's expert. The municipal court judge also noted that she had denied an adjournment request made by the State to accommodate a State witness. The municipal court judge gave Gonzalez an opportunity to be heard before announcing her final decision.

Gonzalez repeated his belief that December 10 was never among the dates available for his expert, and there must have been a miscommunication between his staff and the court's staff. When Gonzalez discovered that his DWI expert was unavailable on December 10, Gonzalez immediately requested an adjournment. Gonzalez noted that his first adjournment request was made almost a month before the trial. Gonzalez explained that he declined the option of moving forward with the State's case on December 10 because he needed his expert's participation to conduct an effective cross-examination of the State's witnesses. Gonzalez stated that he needed to protect his client's livelihood and represent his client diligently.

The municipal court judge confirmed that she was holding Gonzalez in contempt and imposing a fine. The municipal court judge issued a written order adjudicating Gonzalez guilty of contempt in the presence of the court pursuant to Rule 1:10-1 and imposing a $1000 fine. However, she stayed the fine pending appeal.

On December 22, 2015, Gonzalez appealed the municipal court judge's contempt finding, and the $1000 fine, to the Law Division, where he argued that his behavior did not rise to the level of contempt. He claimed the municipal court judge gave him a "Hobson's choice" of either accepting a contempt charge or compromising his client's Sixth Amendment right to effective counsel by forcing him to try a case for which he was unprepared due to his expert's unavailability.

Following oral argument on July 1, 2016, the Law Division judge found that: (1) Gonzalez's behavior fell short of the willful disobedience required for contempt; and (2) the amount of the fine levied by the municipal court judge was excessive. The Law Division judge determined that the municipal court judge improperly forced Gonzalez to choose between accepting a contempt charge and compromising his client's constitutional rights. The Law Division judge noted that if Gonzalez had proceeded with the DWI trial, "the client would have been convicted, and then we'd

be back here again on an ineffective assistance of counsel argument, because [Gonzalez] admitted he wasn't prepared."

The Law Division judge found there was no evidence in the record that Gonzalez's behavior was habitual or in any way disrespectful or offensive, and therefore, it did not meet the mens rea requirement for a contempt conviction. The Law Division judge also noted that the municipal court judge made no findings as to the costs resulting from the delay and failed to identify any discernible inconvenience to the municipal court, thus rendering the $1000 fine "patently excessive and not rationally related to any identifiable harm, losses, or prejudice to the court." The Law Division judge entered an order vacating and reversing Gonzalez's contempt conviction and accompanying fine.

In reviewing a judgment of the Law Division on a municipal appeal we apply a sufficiency of the evidence standard. See State v. Ugrovics, 410 N.J. Super. 482, 487—88 (App. Div. 2009), certif. denied, 202 N.J. 346 (2010). We must "determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). "When the reviewing court is satisfied that the findings and result meet this criterion, its task is complete and it should not disturb the result . . . ." Ibid. An appellate

court only evaluates the decision of the Law Division, not the municipal court. Id. at 157.

Superior Court review of a municipal court conviction is conducted de novo on the record, unless the record is unintelligible or incomplete. R. 3:23-8; see also R. 2:10-4. If the Superior Court finds the evidence in the record is insufficient to support the conviction, it must issue an order of acquittal. See State v. Sparks, 261 N.J. Super. 458, 462 (App. Div. 1993). The Superior Court should defer to the municipal court's credibility findings. State v. Locurto, 157 N.J. 463, 470-71 (1999) (citing Johnson, supra, 42 N.J. at 161-62). However, the municipal court's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). Thus, "[o]n a de novo review on the record, the reviewing court . . . is obliged to make independent findings of fact and conclusions of law, determining defendant's guilt independently but for deference to the municipal court's credibility findings." Pressler & Verniero, Current N.J. Court Rules, comment 1.1 on R. 3:23-8 (2017).

N.J.S.A. 2A:10-1 defines contempt as, among other things: "[m]isbehavior of any person in the actual presence of the court." N.J.S.A. 2A:10-7 empowers municipal courts to adjudicate contempt.

<u>Rule</u> 1:10-1, addressing summary contempt in the presence of the court, states:

> A judge conducting a judicial proceeding may adjudicate contempt summarily without an order to show cause if:
>
> > (a) the conduct has obstructed, or if continued would obstruct, the proceeding;
> >
> > (b) the conduct occurred in the actual presence of the judge, and was actually seen or heard by the judge;
> >
> > (c) the character of the conduct or its continuation after an appropriate warning unmistakably demonstrates its willfulness;
> >
> > (d) immediate adjudication is necessary to permit the proceeding to continue in an orderly and proper manner; and
> >
> > (e) the judge has afforded the alleged contemnor an immediate opportunity to respond.

Contempt in the face of the court requires an "open threat to the orderly procedure of the court and such a flagrant defiance of the person and presence of the judge before the public . . . [that if] not instantly suppressed and punished, demoralization of the court's authority will follow." <u>Cooke v. United States</u>, 267 <u>U.S.</u> 517, 536, 45 <u>S. Ct.</u> 390, 394-95, 69 <u>L. Ed.</u> 767, 773 (1925) (reversing summary contempt conviction against

A-4864-15T2

attorney for a letter he wrote to the court demanding recusal and questioning the dignity of the court). Summary contempt under Rule 1:10-1 is appropriate when an attorney openly mocks the court during proceedings. See In re Daniels, 118 N.J. 51, 66-70 (1990), cert. denied, 498 U.S. 951, 111 S. Ct. 371, 112 L. Ed. 2d 333 (1990). Summary contempt is not appropriate when an attorney "refuse[s] compliance with an order he or she believes invades a constitutional right." In re Mandell, 250 N.J. Super. 125, 130-32 (App. Div. 1991) (reversing contempt conviction against attorney who refused to reveal whether her client would testify in his criminal case).

Additionally, if an attorney provides an explanation for the allegedly contemptuous conduct that is not "insulting, frivolous or clearly inadequate," the court may not proceed with summary contempt under Rule 1:10-1, but must submit the issue to a hearing before a different judge under Rule 1:10-2. In re Lependorf, 212 N.J. Super. 284, 290 (App. Div. 1986) (reversing summary contempt conviction where attorney failed to timely provide a witness list; the attorney's excuse had a "semblance of adequacy" and thus required adjudication by a different judge).

While the Law Division judge found that Gonzalez's behavior "was less than ideal," he determined that Gonzalez lacked the intent required for a contempt adjudication.

There were no credibility determinations made by the municipal court judge in this case. Therefore, the Law Division judge was not required to accord any deference to the municipal court judge's determinations. Nor was deference by the Law Division judge required as to the municipal court judge's interpretation of the law governing contempt proceedings. The Law Division judge, on de novo review of the record, correctly made independent findings of fact and conclusions of law as to Gonzalez's guilt on the contempt issue.

We find the Law Division judge's conclusions to be sufficiently supported by the record. The transcripts of the December 10 and December 17, 2015 municipal court proceedings reflect that Gonzalez was apologetic, respectful, and mindful of the impact on the client if Gonzalez was forced to proceed with the DWI trial. There is nothing in the record indicating that Gonzalez raised his voice, used obscenities, insulted the municipal court judge, or displayed inappropriate or disruptive body language.

We also agree with the Law Division judge's determination that Gonzalez's explanation for not proceeding with the DWI trial was meritorious and his conduct in explaining his position was not insulting or insolent. While Gonzalez was late to the December 10, 2015 court proceeding, he explained that his tardiness was due

to another court appearance for which he could not find coverage. See In re Lynch, 369 N.J. Super. 93, 100-102 (App. Div. 2004) (reversing contempt conviction against attorney who failed to appear in court due to a simultaneous meeting with the presiding judge). Similarly, Gonzalez explained that his refusal to proceed with the State's case on December 10 was based upon the need to have his expert hear the testimony of the State's expert to conduct a thorough cross examination of the State's witnesses. Gonzalez also explained that he had given notice of his expert's scheduling conflict a month before the trial date. Gonzalez also rationalized that because his staff had multiple contacts with the municipal court's staff until the week before the trial, he believed that the requested adjournment would be granted. Gonzalez's proffered excuses were not patently inadequate, and thus, did not merit a summary contempt conviction under Rule 1:10-1. See In re Lependorf, supra, 212 N.J. Super. 284.

Additionally, the Law Division judge's conclusion that forcing Gonzalez to try the DWI case with counsel's acknowledgment that he was unprepared would have impeded the client's constitutional rights has ample legal support. See State v. Fritz, 105 N.J. 42, 63-64 (1987) (remanding for a determination of ineffective assistance where the defense attorney failed to adequately prepare for the case, noting that "[t]he exercise of

utmost skill during the trial is not enough if counsel has neglected the necessary investigation and preparation of the case" (quoting Moore v. United States, 432 F.2d 730 (3d Cir. 1970)) (alteration in original).

For these reasons, we find that the Law Division judge's order vacating the contempt determination and reversing the imposition of the $1000 fine is supported by the record and is consistent with the relevant law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4864-15T2