**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4102-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PETER DICKSON, JR.,

    Defendant-Appellant.

_____

        Argued May 15, 2018 — Decided June 12, 2018

        Before Judges Reisner and Mayer.

        On appeal from Superior Court of New Jersey,
        Law Division, Middlesex County, Municipal
        Appeal No. 23-2016.

        Mitchell J. Ansell argued the cause for
        appellant (Ansell Grimm & Aaron, PC,
        attorneys; Mitchell J. Ansell, of counsel and
        on the brief).

        Joie D. Piderit argued the cause for
        respondent (Andrew C. Carey, Middlesex County
        Prosecutor, attorney; Joie D. Piderit,
        Assistant Prosecutor, of counsel and on the
        brief).

PER CURIAM

Defendant Peter Dickson, Jr. appeals from an April 20, 2017 order of the Law Division vacating a March 1, 2016 order of the Monroe municipal court dismissing two complaints. We affirm.

On October 17, 2015, New Jersey State Trooper Michael A. Heliotis issued two complaints-summonses for motor vehicle violations to defendant. The first complaint charged defendant with driving while intoxicated, N.J.S.A. 39:4-50, and the second complaint charged defendant with driving while license suspended, N.J.S.A. 39:3-40.[1] The complaints listed Monroe as the municipality where the infractions occurred. Defendant pleaded not guilty to the Monroe tickets.

On January 11, 2016, the Monroe Township municipal court administrator contacted Heliotis, ex parte, explaining the violations occurred in South Brunswick, not Monroe.[2] The administrator instructed the trooper to reissue the Monroe tickets from South Brunswick.

---

[1] We refer to these complaints as the Monroe tickets.

[2] Substantive communications regarding municipal court matters should be on notice to all counsel and all parties. Ex parte communications of a consequential nature in municipal court should be avoided.

On or about January 25, 2016, Heliotis issued two new complaints-summonses from South Brunswick.[3] The South Brunswick tickets were identical to the Monroe tickets, except for designating the municipality where the infractions occurred. The date on the South Brunswick tickets was October 17, 2015, although the South Brunswick tickets were actually issued three months later.

On February 25, 2016, the Monroe municipal prosecutor signed a "request to dismiss or void complaint" form related to the Monroe tickets. The Monroe municipal prosecutor made a note to the file regarding the dismissal of the Monroe tickets. The note read:

> On February 24, 2016[,] we spoke with Mr. Dickson's new attorney, . . . and confirmed that this matter is being transferred to South Brunswick by way of an "administrative dismissal" of the E-tickets which inadvertently contained the incorrect municipal code. We further explained that the matter will proceed via the new E-tickets issued by the same trooper containing the correct municipal code. We confirmed with [defense counsel] that this is not a dismissal of the charges or an adjudication of the matter and that it should not be misconstrued as same.

On March 1, 2016, the Monroe municipal court judge dismissed the Monroe tickets without prejudice. Counsel were not present

---

[3] We refer to these complaints as the South Brunswick tickets.

A-4102-16T2

in court on this date. The Monroe municipal court judge read the note from the Monroe municipal prosecutor into the record. The order dismissing the Monroe tickets checked the box marked "dismissed-other" and stated "reissued tickets to be heard in S[outh] Brunswick."

On March 29, 2016, defendant appeared in South Brunswick municipal court. On or about April 12, 2016, defendant moved to dismiss the South Brunswick tickets based upon the statute of limitations. On May 31, 2016, the South Brunswick municipal court judge heard argument on defendant's motion. On June 14, 2016, the South Brunswick municipal court judge entered an order dismissing the South Brunswick tickets based upon the ninety-day statute of limitations, N.J.S.A. 39:5-3(b).

On June 28, 2016, the Middlesex County Prosecutor's Office appealed the South Brunswick municipal court judge's June 14, 2016 order to the Law Division. In filing the municipal appeal, the State acknowledged there were proceedings in the Monroe Township municipal court "that could impact upon this appeal."

The Law Division judge heard argument on the State's municipal appeal. The State argued the dismissal of the South Brunswick tickets resulted from a "ministerial malfunction" and "technical glitch," for which the State should not be penalized.

4

By order dated April 20, 2017, the Law Division judge vacated the Monroe municipal court's March 1, 2016 order dismissing the Monroe tickets, remanded the case to Monroe municipal court to amend the municipality designation, and directed the Monroe municipal court to transfer the Monroe tickets to South Brunswick. The judge found defendant had adequate and timely notice of the violations based on the Monroe tickets. He also determined defendant was aware, prior to March 1, 2016, that the same violations alleged in the Monroe tickets would be heard in the South Brunswick municipal court. The judge acknowledged "the appropriate procedure for the Monroe [m]unicipal [c]ourt was to amend the [Monroe tickets] and transfer the matter to South Brunswick. However, in an attempt to achieve the same outcome, the Monroe [m]unicipal [c]ourt judge erroneously dismissed the [Monroe tickets] with an instruction to re-file in South Brunswick." The Law Division judge concluded

> [b]ecause the identical action against defendant remained open under different [tickets] in South Brunswick, the Monroe [m]unicipal [c]ourt dismissal did not start the 20-day clock on filing an appeal of a pre-trial judgment dismissing a complaint. The clock only began to run when the charges were dismissed in the South Brunswick [m]unicipal [c]ourt.

Defendant appeals from the April 20, 2017 order of the Law Division, arguing the Law Division judge erred in vacating the

5

Monroe municipal court's March 1, 2016 dismissal order, because: (1) that order was not designated in the State's appeal to the Law Division, and (2) the twenty-day deadline for the State to appeal the Monroe municipal court order expired on March 21, 2016.

In reviewing a judgment of the Law Division on a municipal appeal, we apply a sufficiency of the evidence standard. See State v. Ugrovics, 410 N.J. Super. 482, 487 (App. Div. 2009). We must "determine whether the findings made [by the Law Division judge] could reasonably have been reached on sufficient credible evidence present in the record." State v. Johnson, 42 N.J. 146, 162 (1964).

The Law Division judge's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Ugrovics, 410 N.J. Super. at 487 (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). We review such determinations de novo. Id. at 487-88.

In the unusual circumstances of this case, we find no error in the Law Division judge's decision to treat the without prejudice dismissal order of the Monroe municipal court as an interlocutory order, rather than a final order, until such time as the South Brunswick municipal court dismissed the violations against defendant. On this record, we further find that, in the interest

of justice, the Law Division judge properly treated the State's appeal as encompassing the orders of both municipal courts. Thus, we affirm the Law Division judge's April 20, 2017 order and direct that the matter be tried before the South Brunswick municipal court within sixty days.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-4102-16T2