**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1564-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HENRI CASTRO,

    Defendant-Appellant.

_____

Submitted January 7, 2019 – Decided January 16, 2019

Before Judges Sabatino and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 17-023.

Peter M. O'Mara, attorney for appellant.

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Mary R. Juliano, Assistant Prosecutor, of counsel and on the brief; Emily M. M. Pirro, Legal Assistant, on the brief).

PER CURIAM

Defendant Henri Castro appeals the Law Division's November 14, 2017 order upholding the Holmdel Municipal Court's June 19, 2017 conviction of him for driving while intoxicated, N.J.S.A. 39:4-50. We affirm.

The record reveals that on the evening of January 25, 2017, defendant drove his car into a utility pole after striking three street signs. A Holmdel police officer responded to the scene of the one-car accident. The officer smelled alcohol on defendant's breath. Defendant admitted he had been drinking, but claimed he had swerved his car off the road to avoid an oncoming vehicle. After defendant failed field sobriety tests, he was arrested and taken to the Holmdel police station.

The arresting officer obtained defendant's consent to submit a breath sample. The officer administered the Alcotest to defendant. The test revealed a .14% Blood Alcohol Content ("BAC"), well above the legal limit prescribed by N.J.S.A. 39:4-50(a)(1)(ii). Defendant was then charged with a first-time DWI offense.

At the municipal court trial, the arresting officer described his observations of defendant at the accident scene, the field sobriety testing, defendant's arrest, and the Alcotest procedures and results. Defendant presented testimony from an expert who criticized the police's field sobriety testing

procedures and the breath testing methods. Upon considering the evidence, the municipal court judge concluded the Alcotest results were admissible despite the defense expert's criticisms, and that defendant was guilty of a per se DWI in violation of N.J.S.A. 39:4-50(a)(1)(ii). The judge imposed a seven-month suspension of defendant's driving privileges, plus applicable fines and costs. The judge granted defendant's request to stay his sentence pending appeal on de novo review, the Law Division upheld the municipal court's determination, and continued the stay pending appeal to this court.

The sole issue defendant raises on appeal is the same one he unsuccessfully argued to the Law Division. He contends that the Alcotest reading should be suppressed because there is allegedly insufficient proof that the arresting officer observed him for twenty continuous minutes before administering the Alcotest, as is required by State v. Chun, 194 N.J. 54, 79 (2008), and other case law. We reject that contention and affirm defendant's conviction substantially based on the well-reasoned analysis in Judge Scully's October 27, 2017 oral opinion. We add only a few amplifying comments.

The twenty-minute observation period is required before an Alcotest operator collects a breath sample from a driver "to avoid overestimated readings due to residual effects of mouth alcohol." Ibid. The observation period assures

that "no alcohol has entered the person's mouth while he or she is awaiting the start of the testing sequence." Ibid. If the suspect has swallowed anything, regurgitated, chewed gum, or chewed tobacco while awaiting the test, the twenty-minute observation period must be restarted. Ibid. The State must present proof that the Alcotest operator actually observed the defendant during the observation period. State v. Filson, 409 N.J. Super. 246, 256 (Law Div. 2009). "This can be accomplished through the testimony of any competent witness who can so attest." State v. Ugrovics, 410 N.J. Super. 482, 490 (App. Div. 2009).

As Judge Scully recognized, there is ample evidence substantiating that the required twenty-minute observation period was observed in this case. The arresting officer, who the municipal judge found to be "honest" and "truthful," testified that he sat directly in front of defendant continuously during the observation period. The officer timed the twenty-minute period with his wristwatch. Although the officer did not record the actual start and end times of the observation period, the law does not require such documentation. We acknowledge that it might be better practice for those two times to be documented, but, as stated in Ugrovics, compliance with the twenty-minute observation period may be established through testimony. Here, such credible

4                                                                                    A-1564-17T1

testimony was presented at the trial. On appeal, we owe deference to the municipal judge's credibility and factual findings. State v. Locurto, 157 N.J. 463, 471 (1999).

In sum, the inculpatory evidence of the .14 BAC reading[1] provided sufficient proof of defendant's guilt. The conviction is upheld, and the stay of sentence is vacated effective twenty days from the date of this opinion. Defendant shall appear before the municipal court within twenty days to surrender his license and to remit any outstanding fines and costs.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Because the Alcotest machine used in this case in January 2017 was calibrated in the past by State Police Sergeant Marc W. Dennis, whose false reports were found unreliable in State v. Cassidy, ___ N.J. ___, ___ (2018) (slip op. at 19), we requested the State to submit a supplemental brief addressing that concern. The State's December 7, 2018 supplemental brief dispels any concern about Sergeant Dennis's earlier calibrations. The brief and its attachments reveal that the Alcotest machine in this case was recalibrated by a different state trooper in November 2016, at least three years after Sergeant Dennis's prior calibrations, and about three months before the January 2017 testing of defendant. Defendant does not refute these facts.