107 N.J. Super. 383 (1969)
258 A.2d 395
STATE OF NEW JERSEY, PLAINTIFF,
v.
ANTHONY FALCETANO, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 20, 1969.
*385 Mr. Richard Slavitt appeared for the State (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
Mr. Martin Greenberg, attorney for defendant.
FUSCO, J.S.C.
Defendant moved for a clarification of an order entered in this court on October 10, 1969, ordering a psychiatric examination for a witness in a murder case who is decedent's son.
It is defendant's contention that defense counsel should be allowed to speak with the psychiatrist before the examination is conducted, to discuss the nature of the charges in the case (there are two indictments, one charging defendant with murder and one charging him with assault with intent to kill the witness in question), the circumstances surrounding the homicide, and the history and background of the witness.
The State, on the other hand, has argued that the order, as written, is sufficiently specific and complete to allow for an adequate and comprehensive examination of the witness. The State opposes the request of defense counsel to confer with the psychiatrist before the examination is begun.
Counsel for the witness, appointed by the court, did not appear although notified of motion.
*386 Defendant's arguments are not persuasive on this matter. The psychiatrist should not make his determination based on what the lawyers  either prosecution or defense  represent to him to be the material facts of this case. He must make a complete and comprehensive physical and mental examination of the witness and come to his conclusions about the witness' competence, as a witness, as a result of those examinations, coupled with his background of psychiatric knowledge.
Just as "battles of experts" are looked upon with disfavor, so should "battles of counsel" be looked upon similarly in a situation such as this, where the potential for influence and suggestion is strong. A situation in which one party or another tries, in effect, to sell a "bill of goods" to an examining medical officer is to be avoided at all costs.
The explanation for this is clear. A psychiatrist should make his examinations, his observations and, ultimately, his determinations, in as objective an atmosphere as is possible. A psychiatric examination requires an atmosphere that is conducive to freedom of expression on the part of the one examined. Cf. Durst v. Superior Court, 222 Cal. App.2d 447, 35 Cal. Rptr. 143, 147, 7 A.L.R.3d 874 (App. Ct. 1964).
Without [sufficient] neutrality * * *, if [the psychiatrist] gets swept up in the emotional currents, he cannot maintain that balance of patience, curiosity, empathy, tolerance and mobility of thinking that he needs. Schafer, "On the Nature of the Therapeutic Relationship," in Katz, Goldstein & Dershowitz, Psychoanalysis, Psychiatry and Law, 722-723 (1967).
On the other hand, counsel are partisans. That is, in fact, their sworn duty. See Canons of Professional Ethics, Canon 5. In such a situation the opportunity for suasion, be it subtle or unconscious, is great. It has been noted that the influence of outsiders at a psychiatric examination can cause the one being examined "consciously or unconsciously, to guard, alter or disguise his responses." Cf. Kelley v. *387 Smith & Oby Co., 129 N.E.2d 106, 109 (Ohio Com. Pl. 1954).
After the psychiatrist has prepared his report the court will determine the competence of the witness in a hearing in advance of trial, outside the presence of the jury. That the mental qualification of a person to be a witness is a matter lying within the discretion of the trial judge is not open to question. State v. Franklin, 52 N.J. 386, 399 (1968); State v. Butler, 27 N.J. 560, 602 (1958).
In addition, our Rules of Evidence provide for a procedure to be followed under Rule 7,
Except as otherwise provided in these rules or by other law of this State, (a) every person is qualified to be a witness * * *.
Rule 8(1) provides for a preliminary inquiry into the qualifications of a witness by a judge:
When the qualification of a person to be a witness * * * is in issue, that issue is to be determined by the judge. In his determination the rules of evidence shall not apply except for Rule 4 or a valid claim of privilege. * * * The judge may hear and determine such matters out of the presence or hearing of the jury. * * *
The judge is further directed by Rule 17, which states:
A person is disqualified to be a witness if the judge finds that (a) the proposed witness is incapable of expressing himself concerning the matter so as to be understood by the judge and jury * * *, or (b) the proposed witness is incapable of understanding the duty of a witness to tell the truth. * * *
The official explanation of this rule notes that,
This rule qualifies Rule 7(a) and goes to the competence of the witness to testify at all. Issues of mental capacity (e.g., insanity * * *) are tested by this rule and are decided by the judge under Rule 8. N.J. Rules of Evidence, Annotated by the Study Commission of the N.J. Legislature, 15 (1968) [hereinafter cited as Annotated Rules].
*388 At the hearing contemplated by Rule 8(1), the psychiatrist may be called and both sides may examine him, if they so desire. In addition, if there is further information which counsel feel should be brought before the psychiatrist, that information should be brought to the attention of the court at this preliminary hearing. Once a determination is made at the preliminary hearing, that, in effect, concludes inquiries as to this issue. The psychiatrist will not be called to testify in court before the jury.
Of course, the determination by the judge at the preliminary hearing should not be construed to limit the right of the party to introduce before the jury evidence relevant to the weight or credibility of the testimony. Rules of Evidence, Rule 8(1). Additionally, a ruling allowing the witness to testify does not bar challenges to the weight of the testimony. Annotated Rules, supra.
The order previously handed down by this court is therefore clarified to the extent that it is now ordered that counsel for the prosecution and counsel for defendant should not communicate with the psychiatrist prior to his examination or his original determination.