NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5535-12T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SCOTT CAMPBELL,

    Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **June 27, 2014**
>
> **APPELLATE DIVISION**

Argued May 28, 2014  -  Decided June 27, 2014

Before Judges Messano, Sabatino and Hayden.[1]

On appeal from the Superior Court of New
Jersey, Law Division, Atlantic County,
Summons No. 0112 209587-590.

Brenden T. Shur argued the cause for
appellant (Law Offices of John J. Zarych,
attorneys; Mr. Shur, on the brief).

Kathleen E. Bond, Special Deputy Attorney
General/Acting Assistant Prosecutor, argued
the cause for respondent (James P. McClain,
Acting Atlantic County Prosecutor, attorney;
Julie H. Horowitz, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

The opinion of the court was delivered by

SABATINO, J.A.D.

_____

[1] Judge Hayden did not participate in oral argument.  However,
with the consent of counsel, she has joined in this opinion.  R.
2:13-2(b).

In this appeal of his drunk driving ("DWI") conviction under N.J.S.A. 39:4-50(a), defendant presents a novel constitutional argument. He challenges the manner in which Alcotest evidence of a driver's blood alcohol content ("BAC") is admitted and relied upon at DWI trials in so-called "per se" cases in our State involving a BAC measurement at or above .08 percent.

Specifically, defendant argues that our case law authorizing the admission of BAC results at trial when the prerequisites for the Alcotest's evidential admissibility are shown by clear-and-convincing proof, coupled with the conclusively incriminating treatment of a BAC at or above .08 percent under N.J.S.A. 39:4-50(a), combine to create an unfair and constitutionally invalid situation. According to defendant, these aspects of our DWI statutes and case law improperly relieve the State of its constitutional burden of establishing a driver's guilt in per se cases by the more rigorous standard of proof beyond a reasonable doubt.

For the reasons that follow, we reject defendant's claim of unconstitutionality, and affirm his conviction.

I.

On June 15, 2012, defendant Scott Campbell was driving a motor vehicle in Hamilton Township in Atlantic County when he

was stopped by the police.[2]  Police officers tested his breath with the Alcotest device.  According to the State's submissions, the test measured defendant's BAC at .12 percent, a level over the .08 percent limit set forth in N.J.S.A. 39:4-50(a).

Defendant was arrested and charged with DWI, N.J.S.A. 39:4-50;[3] reckless driving, N.J.S.A. 39:4-96; failure to exhibit documents, N.J.S.A. 39:3-29; and careless driving, N.J.S.A. 39:4-97.  Defendant moved to suppress the Alcotest results in municipal court.[4]  At defendant's request, the municipal court stayed the matter so that he could file an application for declaratory relief in the Law Division.  Defendant then filed such an application, seeking to have the court declare unconstitutional the State's reliance in per se prosecutions

---

[2] The sparse record supplied to us contains very little factual information.  The record does not include, for example, police reports or a transcript of the suppression motion hearing or other proceedings in municipal court.  In any event, the matters presented on appeal concern purely legal issues.

[3] The parties' briefs and oral arguments on appeal suggest, more specifically, that the State has been prosecuting defendant under N.J.S.A. 39:4-50(a) for driving with a BAC at or above .08 percent, rather than attempting to prove that he was operating a motor vehicle while he was actually "under the influence" of alcohol.

[4] Defendant's brief indicates that the suppression motion was denied, although no documentary support of that is included in his appendix.

upon Alcotest BAC results admitted into evidence by only a clear-and-convincing proof standard.

After considering the parties' submissions and oral arguments, the Law Division rejected defendant's claim of unconstitutionality and denied declaratory relief. Defendant then entered a conditional guilty plea, preserving his right to appeal the ruling on the constitutional issue. Sentencing was stayed in anticipation of that appeal, which defendant is now pursuing.

In his brief on appeal, defendant makes the following singular argument:

> BECAUSE THE ALCOTEST IS CONSIDERED RELIABLE BASED SOLELY ON CLEAR AND CONVINCING EVIDENCE, A DEFENDANT CANNOT BE FOUND GUILTY OF A PER SE VIOLATION BEYOND A REASONABLE DOUBT BASED UPON THE RESULTS OF THE ALCOTEST.

We reject this claim, essentially because it fails to distinguish appropriately between (1) the State's threshold burden to meet the elements required by case law for admitting Alcotest BAC results into evidence in a particular case, as contrasted with (2) the State's ultimate burden of proof at trial to establish defendant's guilt of a per se DWI offense beyond a reasonable doubt.

The opening portion of N.J.S.A. 39:4-50(a) specifies four distinct alternative grounds for finding a motorist guilty of DWI:

> Except as provided in subsection (g) of this section, a person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operates a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood or permits another person who is under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug to operate a motor vehicle owned by him or in his custody or control or permits another to operate a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood shall be subject [to the various discrete penalties enumerated in the statute.]
>
> [N.J.S.A. 39:4-50(a) (emphasis added).]

The constitutional issues now before us concern "per se" DWI prosecutions that arise under the second basis listed in N.J.S.A. 39:4-50(a), i.e., cases involving the defendant's operation of a motor vehicle while having "a blood alcohol concentration of 0.08% or more by weight of alcohol in [his or her] blood."[5] Every state has a similar per se DWI statute.[6]

---

[5] We need not concern ourselves here with DWI prosecutions pursued on alternative grounds, such as so-called "observation" cases based on other non-BAC evidence of a defendant's

(continued)

As the term "per se" indicates, in such cases the State does not have to prove that the defendant driver with a BAC at or above .08 percent was actually intoxicated or impaired while he or she was behind the steering wheel. State v. Tischio, 107 N.J. 504, 506 (1987); see also State v. D'Agostino, 203 N.J. Super. 69, 73 (Law Div. 1984) (noting that since the Legislature's amendment of the statute in 1983, in per se cases "the issue no longer is whether the defendant was drunk . . . [o]r whether he was under the influence of alcohol . . . [o]r whether his driving ability was impaired in any fashion"). It

_____

(continued)
impairment while driving. See, e.g., State v. Kent, 391 N.J. Super. 352, 384 (App. Div. 2007) (affirming a defendant's DWI conviction based upon his erratic driving in causing a single-car accident and a police officer's field observations of his multiple signs of inebriation, despite the inadmissibility of hearsay laboratory reports measuring the BAC level in defendant's blood sample); see also State v. Bealor, 187 N.J. 574, 588-89 (2006) (finding that factual observations of defendant's appearance and behavior, along with expert proofs indicating the presence of a drug in defendant's system, were sufficient to prove that defendant operated a motor vehicle while under the influence of marijuana).

[6] "All 50 states and the District of Columbia have per se laws making it [an offense] to drive with a blood alcohol concentration (BAC) at or above a specified level, currently 0.08 percent (0.08 g alcohol per 100 ml blood)." Alcohol-Impaired Driving: DUI/DWI, Ins. Inst. for Highway Safety, Highway Loss Data Inst. (June 2014), http://www.iihs.org/iihs/topics/laws/dui.

suffices to prove that the driver's BAC measured at or in excess of the prohibited level.

Because of the conclusive nature of the BAC results, our case law prohibits defendants from presenting "extrapolation" counter-proof in an effort to show that they were not under the influence while driving. Tischio, supra, 107 N.J. at 506 (issuing this holding in the context of the formerly-used Breathalyzer). "[I]t is the blood-alcohol level at the time of the . . . test that constitutes the essential evidence of the offense." Ibid.

Although DWI cases are quasi-criminal rather than criminal prosecutions, our courts have applied certain traditional aspects of criminal law to DWI cases. In particular, we have long required the State to establish the elements of a DWI offense by the heightened criminal standard of proof beyond a reasonable doubt. State v. Howard, 383 N.J. Super. 538, 548 (App. Div.) (citing State v. Dively, 92 N.J. 573, 585 (1983); State v. Di Carlo, 67 N.J. 321, 327 (1975); State v. Emery, 27 N.J. 348, 353 (1958)), certif. denied, 187 N.J. 80 (2006).

The well-known standard of proof beyond a reasonable doubt is the most rigorous burden of persuasion imposed by law. "A reasonable doubt is an honest and reasonable uncertainty in [the fact-finder's] mind[] about the guilt of the defendant after

[the fact-finder has] given full and impartial consideration to all of the evidence." State v. Wakefield, 190 N.J. 397, 470 (2007) (quoting State v. Medina, 147 N.J. 43, 61 (1996), cert. denied, 520 U.S. 1190, 117 S. Ct. 1476, 137 L. Ed. 2d 688 (1997)). "Proof beyond a reasonable doubt is proof, for example, that leaves [the fact-finder] firmly convinced of the defendant's guilt." Ibid. (quoting Medina, supra, 147 N.J. at 61). "If, based on [the fact-finder's] consideration of the evidence, [he or she is] firmly convinced that the defendant is guilty of the crime charged, [he or she] must find [defendant] guilty." Ibid. (quoting Medina, supra, 147 N.J. at 61); see also Model Jury Charge (Criminal), "Reasonable Doubt" (1997).

The current device widely used by police departments in our State to measure BAC levels is the Alcotest.[7] The Alcotest replaced the Breathalyzer years ago as the prevalent testing device.

In State v. Chun, 194 N.J. 54 (2008), the Court rejected challenges to the scientific reliability of the Alcotest, after extensive hearings before a special master and the master's detailed fact-finding. The Court held that the Alcotest "is sufficiently scientifically reliable that its reports [measuring

---

[7] We are aware that the State is presently considering switching to another device as the result of certain developments with the manufacture of the Alcotest not relevant to this appeal.

BAC levels] may be admitted in evidence." Id. at 148. As a predicate of that holding, however, the Court specified in Chun three conditions that must be met in each case in order for Alcotest BAC results to be admitted into evidence. In particular, the Court held, as it had previously in Breathalyzer cases, that the State must show that: "(1) the device was in working order and had been inspected according to procedure; (2) the operator was certified; and (3) the test was administered according to official procedure." Id. at 134 (citing Romano v. Kimmelman, 96 N.J. 66, 81 (1984)).

Notably, our case law has held that the results of a breath test, formerly the Breathalyzer, now the Alcotest, are not admissible into evidence unless the State shows that the foundational prerequisites of admissibility are satisfied by clear and convincing proof. See Romano, supra, 96 N.J. at 89-90. The clear and convincing standard is less stringent than proof beyond a reasonable doubt, but is more exacting than the usual standard of mere "preponderance of the evidence" that is applied in most civil matters.

Evidence that is "clear, cogent, certain, and definite . . . will satisfy the clear and convincing standard of proof." Bhagat v. Bhagat, 217 N.J. 22, 46 (2014); see also Model Jury Charge (Civil), 1.19, "Burden of Proof — Clear and Convincing

Evidence" (2011) ("Clear and convincing evidence . . . is evidence so clear, direct, weighty in terms of quality, and convincing as to cause you to come to a clear conviction of the truth of the precise facts in issue."). This standard of admissibility applies to Alcotest evidence. See State v. Ugrovics, 410 N.J. Super. 482, 489 n.1 (App. Div. 2009) (noting that "the State's burden of proof as to the admissibility of the Alcotest [specifically, the three preconditions set forth in Chun] remains clear and convincing evidence") (citing Romano, supra, 96 N.J. at 90-91).

Defendant argues that the application of a clear-and-convincing standard of admissibility of Alcotest results in per se DWI cases has the improper effect of relieving the State of its more rigorous burden of proving a defendant's guilt beyond a reasonable doubt. As a remedy, he suggests that Alcotest results no longer be treated as per se conclusive evidence of a .08 percent BAC violation, but instead only be accorded a rebuttable presumption of correctness.[8] We reject defendant's argument because it is based on a mistaken premise.

---

[8] Defendant cites, by comparison, case law under a prior version of the DWI statute that used such a presumption before the per se test was adopted. See, e.g., State v. Protokowicz, 55 N.J. Super. 598 (App. Div. 1959).

Defendant presumes that once the trial court decides to admit Alcotest BAC results into evidence, a finding of guilt is automatic and there is nothing that the accused can do to prevent that outcome. This is not so.

A court's decision to admit proof into evidence against a party, even if it is over objection, does not preclude the party from disputing the strength of that evidence at the end of trial. See N.J.R.E. 104(e) (making clear that a court's ruling to admit proof into evidence does not limit the right of a party to contest the "weight or credibility" of such evidence); State v. Falcetano, 107 N.J. Super. 383, 388 (Law Div. 1969). Before a final judgment of a defendant's guilt can be entered, the evidence must have shown beyond a reasonable doubt that he or she is guilty.

Thus, although Alcotest BAC results are admissible into evidence upon a proffer by the State satisfying the Chun conditions to a clear-and-convincing degree, the State's ultimate burden of proof at the end of trial is more rigorous. After hearing all of the testimony and considering all of the admitted exhibits, the judge ultimately must be persuaded that the elements of the offense, including the defendant's offending BAC level, have been proven beyond a reasonable doubt.

A simple example will illustrate this point. Imagine that a defendant contends that his BAC results are unreliable because the police allegedly deviated from the procedures mandated by Chun. More specifically, suppose that he maintains that the police failed to observe him for the required twenty minutes before the Alcotest was administered. See Chun, supra, 194 N.J. at 79. According to that defendant, he vomited or put something in his mouth while he was out of the police officers' view a few minutes before they tested his breath, thereby confounding the BAC reading.

Assume further that, before trial, the hypothetical defendant moves to suppress the BAC readings. Suppose that the judge hears testimony at the suppression hearing from one of the police officers, who asserts that he watched defendant continuously before the test was administered and that defendant did not vomit or put anything in his mouth during the pre-test period.

Based on the trial judge's preliminary impressions of the officer's credibility at the suppression hearing, let us assume that she is satisfied, to a clear-and-convincing degree, that the officer is being truthful. But the case is not necessarily over. For instance, after the State rests at trial, the defendant might call other witnesses who were also in the police

station at the relevant time. Suppose those defense witnesses testify that they saw the officers leave the room during the twenty-minute pre-test interval, while the defendant vomited or placed something in his mouth. Or perhaps the defendant himself takes the stand and credibly insists that he was not continuously observed by the police for the required twenty minutes before the testing. Or perhaps defendant presents at trial an expert witness, who persuasively explains how the police deviated from the protocol required by Chun.

In this hypothetical situation, it is conceivable that the trial judge might conclude, upon further reflection in light of the evidence as a whole, that the defendant's .08 percent BAC level was not sufficiently proven by the State beyond a reasonable doubt. The judge's earlier decision to admit the BAC proof — a ruling that is interlocutory in nature and surely can be reconsidered — does not prevent the court from doubting the strength of that admitted evidence at the end of the case. In fact, the court can even reconsider its previous decision to admit the evidence, if subsequent developments support such reconsideration. See Cummings v. Bahr, 295 N.J. Super. 374, 384-88 (App. Div. 1996).

To be sure, we are mindful that DWI defendants commonly do not "hang back" and save until the defense case at trial their

competing witnesses and arguments challenging the prosecution's BAC results. Such a strategy may pose risk, perhaps depriving the defendant of a realistic chance to have the case dismissed at the suppression stage. Even so, regardless of the trial strategies that may bear on the actual flow of evidence, our conceptual point is simple and unassailable: the court's <u>threshold</u> decision to admit Alcotest results by clear-and-convincing evidence does not always dictate how the court <u>ultimately</u> will regard that same proof at the end of trial, when a more rigorous standard of persuasion applies.[9]

We are not suggesting that courts will frequently admit BAC results into evidence under the clear-and-convincing test, but then conclude at the end of trial that such proof is inadequate under the reasonable doubt standard. Frequency is not the issue. Our point is that the two standards have different functions at different phases of the case. Defendant's argument

---

[9] It is also possible that the judge may harbor slight doubts when admitting the BAC results. Those doubts may not be enough to upset the clear-and-convincing burden but, if they persist and are reasonable, may cause the judge to acquit a defendant at the end of trial. <u>Cf. N.J. Div. of Youth & Family Servs. v. R.D.</u>, 207 <u>N.J.</u> 88 (2011) (analogously recognizing the possibility that a trial judge's earlier finding of a defendant's abuse and neglect in a <u>Title</u> 9 proceeding does not preclude the judge from subsequently concluding that the evidence is insufficient to establish such abuse and neglect in a <u>Title</u> 30 guardianship trial, at which a more stringent burden of proof governs).

incorrectly presumes that the admissibility ruling will always control the guilt determination at the end.

For these reasons, we discern no constitutional flaw in the evidential aspects that govern per se DWI cases prosecuted in our State.[10] The State will always bear in each prosecution the burden of proving a defendant's guilt beyond a reasonable doubt. The fact that a somewhat lower proof standard is used for admitting the BAC results into evidence does not dilute that ultimate burden.

Affirmed. Remanded for the imposition of sentence. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[10] Significantly, defendant cites no case from any other jurisdiction with a per se DWI statute that has adopted his novel argument.

A-5535-12T4