**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3345-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GEORGE GINDHART,

    Defendant-Appellant.

_____

Submitted March 3, 2020 – Decided May 11, 2020

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Municipal Appeal No. 12-11-17.

Sitzler & Sitzler, attorneys for appellant (James J. Gerrow, Jr., on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (James E. Moore, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial in the municipal court and a trial de novo on the municipal court record in the Law Division, defendant George Gindhart was convicted of driving while intoxicated (DWI), N.J.S.A. 39:4-50, and sentenced as a third-time offender. As part of his sentence, the court revoked defendant's driver's license for ten years, required him to serve 180 days in the county jail, ninety of which could be served in an in-patient program, and referred him to the Intoxicated Driver Resource Center.

Defendant appeals and argues that the Alcotest, on which his conviction was based, was unreliable for two reasons. First, he contends that the testing procedures were not video recorded. Second, he suffers from gastroesophageal reflux disease (GERD) and argues that condition may have contaminated the breath samples. We reject both these arguments and affirm.

In the Law Division, Judge Sarah Beth Johnson made detailed findings of fact, which she set forth in a thorough written opinion issued on January 9, 2019. Our review of the record establishes that all those findings are supported by substantial credible evidence in the record. Accordingly, we need not detail the facts and will only give a brief summary.

On January 28, 2016, defendant had two encounters with Police Officer Thomas Flounders and Police Officer Jerald Garriott in North Wildwood. He

was first found in his car outside his vacation home at approximately 1:00 a.m. in the morning. Both officers smelled alcohol and noted his slurred speech. Officer Flounders also observed that defendant had bloodshot eyes. Officer Garriott directed defendant to go into his home and not to drive. Approximately one hour later, Officer Flounders saw defendant's car driving on a road without its headlights on. The officer followed the car and saw it run a stop sign. Officer Flounders then signaled for the car to pull over and called Officer Garriott to join him. The officers again noted that defendant smelled of alcohol, had slurred speech, and bloodshot eyes. Defendant was directed to engage in several field sobriety tests that he failed. Accordingly, the officers arrested defendant on suspicion of driving while under the influence of alcohol.

At the police station, defendant agreed to take an Alcotest. Officer Garriott then conducted the appropriate pre-testing procedures, including observing defendant for twenty minutes. The test results showed that defendant had a blood alcohol concentration of .13 percent.

At the trial in the municipal court four witnesses testified. The State called Officer Garriott and Officer Flounders and defendant testified and called an expert witness. The municipal judge and the Law Division judge found both officers credible. Both judges also found that defendant was not credible in

some of his testimony and was particularly not credible in describing the symptoms and effect of his GERD.

As already noted, on this appeal defendant makes two arguments. First, he contends that we should create a new rule requiring that the administration of Alcotests be video-recorded and, if they are not, an adverse inference should arise that the procedures were not properly followed. Second, defendant argues that the Law Division erred in not accepting his testimony and his expert's testimony that his GERD may have contaminated the Alcotest. As previously noted, we are not persuaded by either of these arguments.

We apply a deferential standard of review when reviewing the factual findings and credibility findings following a trial de novo in the Law Division. State v. Locurto, 157 N.J. 463, 470-71 (1999); State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011). Accordingly, we will not disturb factual findings that are supported by sufficient credible evidence in the record. Adubato, 420 N.J. Super. at 176 (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). Where both a municipal judge and a Law Division judge have found a witness credible, we owe particularly strong deference to the Law Division judge's credibility findings. Locurto, 157 N.J. at 474 (citing Midler v. Heinowitz, 10 N.J. 123, 128-29 (1952)). We review the Law Division judge's legal conclusions de novo.

See State v. Rivera, 411 N.J. Super. 492, 497 (App. Div. 2010) (citation omitted).

Defendant's first argument presents a question of law. He argues that we should create a new rule and require the State to videotape the administration of an Alcotest if video equipment is available. If the State fails to create such a video record, defendant contends that an adverse inference should arise that the State did not fully comply with the procedural requirements established in State v. Chun, 194 N.J. 54 (2008). In making his argument, defendant tries to draw an analogy to the rules requiring or permitting contemporaneous electronic recording of custodial interrogations and out-of-court identifications. See R. 3:17 (requiring electronic recording of custodial interrogations when the suspect is charged with certain crimes such as murder and kidnapping); R. 3:11 (allowing electronic recording of out-of-court identifications "if feasible").

We reject defendant's argument for several reasons. First and foremost, our Supreme Court has never required such video recordings of Alcotests. As demonstrated in Chun and its progeny, the procedures for the Alcotest have been zealously debated and rigorously reviewed. See State v. Cassidy, 235 N.J. 482 (2018); State v. Kuropchak, 221 N.J. 368, 383-84 (2015) (holding that Alcotest readings are reliable and laying out the "mandatory guidelines for establishing

the Alcotest's reliability"). The Court has imposed numerous procedural requirements but never required the recording of the administration of the Alcotest.

Second, we discern no good public policy reason for requiring such a recording procedure. The State has the burden to establish that the Alcotest is properly administered and the equipment is properly tested and in working order. See State v. Campbell, 436 N.J. Super. 264, 270 (App. Div. 2014) (quoting Chun, 194 N.J. at 134). Adding a recording requirement would impose a burden with no showing that it would improve the administration of the test. Moreover, it would run counter to the well-established policy of New Jersey discouraging drunk drivers by imposing a procedure that has no clear benefit.

Finally, as demonstrated by this case, defendant's right to a proper administration of the test is protected by the current procedures and there is no need for an additional requirement. Judge Johnson found that the State had presented clear and convincing evidence that Officer Garriott was properly certified to perform such tests, observed defendant continuously for twenty minutes immediately prior to taking his breath samples, and credibly testified that defendant did not put anything in his mouth, hiccup, belch, or do anything else that would have required restarting the observation period. Accordingly,

A-3345-18T4

the officer conducting the Alcotest complied with all the procedures required by Chun.

Defendant's second argument is essentially a fact argument. Defendant contends that he suffers from GERD and that condition may have contaminated his breath samples. Judge Johnson rejected that argument based on factual findings. First, she agreed with the municipal judge and found defendant to be incredible regarding his descriptions of his symptoms of GERD at the time of his arrest. Second, Judge Johnson rejected defendant's expert's testimony. In that regard, defendant called Dr. Lance Gooberman as an expert witness. Dr. Gooberman is a medical doctor who is a general practitioner specializing in addiction medicine with experience in dealing with the effects of alcohol and other drugs on the human body.

Dr. Gooberman testified that the breath of someone suffering from GERD could be continuously contaminated with alcohol from the stomach and that the contamination might not be detected by the Alcotest. Judge Johnson rejected that testimony as a net opinion because it was not based on any scientifically reliable evidence supporting the assertion that GERD causes falsely elevated Alcotest readings. In making that finding, Judge Johnson noted that Dr. Gooberman acknowledged that he had performed no scientific research himself

A-3345-18T4

and he was relying on a 1987 study from Australia that predated the special master's report leading to the Chun decision.

We agree with Judge Johnson that Dr. Gooberman's testimony in this matter was a net opinion not supported by scientifically reliable data or research. See N.J.R.E. 703; State v. Townsend, 186 N.J. 473, 494-95 (2006). Indeed, Dr. Gooberman acknowledged that his opinion that defendant's Alcotest reading was consistent with alcohol contamination from GERD was unsupported by scientific research.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION